```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
          Criminal No. 09-103(DSD/SRN)
```

United States of America,

       Plaintiff,

v.                                                          **ORDER**

Samuel Johnson Ewing,

       Defendant.

    Nathan P. Peterson, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Samuel Johnson Ewing, #14427-041, USP Beaumont, P.O. Box 26030, Beaumont, TX 27720, defendant pro se.

This matter is before the court upon the pro se motion by defendant Samuel Johnson Ewing to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

## BACKGROUND

On April 21, 2009, Ewing was indicted for armed credit union robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). The case proceeded to trial and on October 20, 2009, the jury returned a verdict of guilty on both counts.

On February 11, 2010, the court sentenced Ewing to 139 months on Count 1 and 84 months on Count 2, to be served consecutively. Ewing appealed his sentence to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed Ewing's conviction, but concluded that two sentencing enhancements were improper, thereby reducing Ewing's advisory guideline range from 121-151 months to 84-105 months. Accordingly, the Eighth Circuit remanded for resentencing, noting: "Of course, the guidelines are advisory; we express no view whether Ewing's series of violent robberies and carjacking warrant an upward variance." United States v. Ewing, 632 F.3d 412, 417 (8th Cir. 2011).

The court resentenced Ewing on August 24, 2011.  The court varied upwards, imposing a sentence of 139 months on Count 1 and 84 months on Count 2, to be served consecutively.  The court advised Ewing of his right to appeal the sentence, and that an appeal must be filed within 14 days, which the defendant acknowledged.

Ewing never filed an appeal.  Instead, on April 20, 2012, Ewing filed a petition for a writ of certiorari with the United States Supreme Court.  On May 29, 2012, the petition was denied.

On October 5, 2015, Ewing filed this motion under § 2255, along with an application to proceed in forma pauperis (IFP).

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

**I.   Timeliness of Ewing's § 2255 Motion**

Ewing's motion is untimely. Motions under 28 U.S.C. § 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

3

          retroactively applicable to cases on collateral review; or
- (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, clause (1) is the operative provision. Ewing's judgment of conviction was filed on August 24, 2011. His conviction became final when the deadline for filing a notice of appeal expired fourteen days later on September 7, 2011. See Never Misses a Shot v. United States, 413 F.3d 781, 782 (8th Cir. 2005) (stating that defendant's conviction became final when his deadline to file an appeal expired). Thus, Ewing's deadline to file a § 2255 motion expired on September 7, 2012. 28 U.S.C. § 2255(f)(1). Ewing filed his motion on October 5, 2015, over three years after the deadline. Accordingly, Ewing's motion is denied as untimely.[1]

**II.  Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473,

---

[1] The United States Supreme Court denied Ewing's petition for a writ of certiorari on May 29, 2012. Even if the court were to use that date to determine when Ewing's conviction became final, his petition is still more than two years past the deadline imposed under 28 U.S.C. § 2255(f)(1).

4

483-84 (2000). The court is firmly convinced that Ewing's claim is baseless, and that reasonable jurists could not differ on the results given the nature of Ewing's arguments. As a result, a certificate of appealability is not warranted.

### III. Application to Proceed IFP

With regard to the IFP application, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No fee is required, however, to file a § 2255 petition. United States v. Benson, No. 13-1935, 2014 WL 1478438, at *1 n.1 (D. Minn. Apr. 16, 2014). Ewing's application is denied as moot.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motion to vacate, set aside, or correct sentence [ECF No. 87] is denied;

2.  Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability; and

     3.  The application to proceed in forma pauperis [ECF No. 88] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 4, 2016.

                                       s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court